# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA RUBIO, individually, and as successor in interest to Decedent MANUEL BORREGO; ESTATE OF MANUEL BORREGO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, BRADLEY DIETZE; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CV19-1762 R (AGRx)<br><br>**PROTECTIVE ORDER** |

IT IS HEREBY ORDERED, following stipulation of counsel:

1. All documents produced by the parties that the parties believe should be covered by this protective order ("Confidential Documents") will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure. The "CONFIDENTIAL" designation shall be placed on the printed pages of the material in a manner that does not overwrite or make illegible the text of the document.

2. Each person receiving any of the Confidential Documents shall not

disclose to any person or entity, in any manner, including orally, any of the Confidential Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Confidential Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendant County of Los Angeles and its employees, including, but not limited to Deputy Bradley Dietze;

(c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

(e) With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Confidential Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4. To the extent any portion of the Confidential Documents contains an audio recording, transcript and/or summary of a statement and/or report given to the LASD by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the Confidential

Documents may be provided to the particular witness to which it pertains.

5. The Confidential Documents may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the Confidential Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from the Confidential Documents must both (a) apply to submit unredacted documents containing any portion of the Confidential Documents under seal and (b) file public versions of the same documents with the information from the Confidential Documents redacted.

6. In the event this matter proceeds to trial, to the extent that any of the Confidential Documents is offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Confidential Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Confidential Documents or information to any persons other than counsel of record, absent order of the court.

8. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Confidential Documents made by such person during the course of said depositions.

9. At any future deposition(s), should there be persons in attendance who are not authorized to access the Confidential Documents or information, such persons shall be removed from the deposition room at any time information relating to the Confidential Documents or protected information is disclosed or discussed.

1 |      10.    The Confidential Documents shall be used solely in connection with the preparation and trial of this action, entitled <u>Diana Rubio v. County of Los Angeles, et al.</u>, bearing case number CV19-1762 R (AGRx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

     11.    This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the documents produced pursuant to this protective order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Local Rule 37.

     12.    This Order is made for the purpose of ensuring that the Confidential Documents will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party made pursuant to Paragraph 11.

     13.    At the conclusion of this litigation, upon request of defense counsel, plaintiffs' counsel shall return the Confidential Documents to Steven J. Rothans and/or Jill Williams at Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

     14.    Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## GOOD CAUSE

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of police reports and private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation. The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED: May 10, 2019    _____
Honorable Manuel Real
United States District Judge

# **EXHIBIT "A"- COMPLIANCE AGREEMENT**

I hereby acknowledge that I, _____ [*name*], _____ [*position and employer*], am about to receive Confidential Documents supplied in connection with the case, Diana Rubio v. County of Los Angeles, et al., U.S. District Court Case No. CV19-1762 R (AGRx). I certify that I understand that the Confidential Documents are provided to me subject to the terms and restrictions of the Protective Order filed in this Case. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Documents, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this case, any Confidential Documents obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the case.

I further understand that I am to retain all copies of all Confidential Documents provided to me in the case in a secure manner, and that all copies of such Confidential Documents are to remain in my personal custody until termination of my participation ill this case, whereupon the copies of such Confidential Documents will be returned to counsel who provided me with such Confidential Documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed _____ [*date*] at _____ [*place*].

_____
Signature